FRANK E. TAINTER *vs*. ERNEST WENTWORTH.

SAME *vs*. SAME.

SAME *vs*. SAME.

Androscoggin.    Opinion January 6, 1911.

*Evidence.    Sales.    Breach of Warranty.    Remedy.*

While testimony is inadmissible to vary the terms of a written agreement, yet testimony was admissible in actions on a note for the price of a piano, and which contained the terms of sale, to show a warranty of the quality of the piano; the testimony not varying the contract, and being admissible to prove failure of consideration for the note.

Breach of warranty of a piano sold is available to the buyer, in actions against him on a note for the price, to the extent of the difference between the value of the piano as represented and its actual value, as a partial failure of consideration for the note, or he can rescind by returning the property, and claim in defense of the actions an entire failure of consideration; and he can file in set-off payments previously made.

On exceptions by plaintiff.    Overruled.

Three actions of assumpsit brought at different times to recover installments as they became due, on an installment note given to the plaintiff by the defendant, and which said note is of the following tenor:

"$500.—                    "Lewiston, Maine, June 5, 1908.

"For Value Received, I promise to pay to the order of F. E. Tainter, Five Hundred Dollars as follows, Twenty-Five Dollars cash, balance fifteen dollars each month until paid in full, and interest at six per cent.

"The above note is given in consideration for Sterling Player Piano & bench No. 51353 valued at Five Hundred Dollars, and is payable at the office of F. E. Tainter, Lewiston, Me., and said piano & bench are to remain the property of F. E. Tainter until the above note is paid in full, and are not to be sold, underlet,

misused, or removed without the written consent of said F. E. Tainter; and I hereby promise and agree that all payments made shall be forfeited if not paid according to the above agreement.

"Witness,                    .          "ERNEST WENTWORTH, M. D."

"A. W. DREW.

Plea, the general issue in each case with a brief statement alleging in substance an express warranty of the quality of the piano and a breach of the warranty, also a seasonable rescission of the contract by the defendant also that the defendant had paid the plaintiff on the note the sum of $100 and asking "that said sum of one hundred dollars be considered as money paid to the use of said plaintiff, and that said defendant may be allowed to set-off the sum of one hundred dollars, so paid to said plaintiff, and that he may have judgment thereof, and for his costs."

The three actions were tried together. In the first action the verdict was for the defendant on the claim in set-off for $104.93. In each of the other actions the verdict was for the defendant.

The bill of exceptions further states the case as follows: "The defendant introduced evidence in support of the various allegations in his brief statement. ' Plaintiff introduced evidence tending to show that the Player Piano in question was of good quality and was all it was represented to be by the plaintiff or any of his agents. The evidence shows that the Player Piano was sold to the defendant by one A. W. Drew, the plaintiff's agent and salesman, who drew the Holmes note and witnessed the defendant's signature to the same.

"The plaintiff's counsel seasonably objected to the introduction of the following testimony given by the defendant, and which was admitted by the presiding Justice, subject to objection.

"Direct examination by Mr. Webber, attorney for the defendant.

"Q. When was the next conversation you had with him, i. e. Drew, in relation to it?

"A. The next conversation was at the time of the signing of the note.

"Q. Now what did he (Drew) say to you in regard to it at that time?

"A.    He said "If this piano isn't satisfactory, return it."

"Mr. Crockett:    Just a moment.    I object to that testimony. This is a suit on a written contract, and here is an attempt to introduce oral evidence of a contract inconsistent in its terms with the written contract, and under the decisions of our court it isn't admissible.

"The Court:    I will admit it subject to objection."

The plaintiff then filed exceptions to the admission of the aforesaid evidence.

The case is stated in the opinion.

*Ralph W. Crockett,* for plaintiff.

*Geo. C. & Harrie L. Webber,* for defendant.

SITTING:   EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, JJ.

PEABODY, J.    These were actions brought at different times to recover partial payments on a promissory note as they became due.

The consideration of the note was a Sterling piano and bench, valued at $500, conditionally sold by the payee to the maker of the note.

The terms of the sale are incorporated in the note.

The defendant, in each case, pleaded the general issue with a brief statement alleging an express warranty of the quality of the piano; also in set-off a demand for sums of money previously paid on the note by the defendant, amounting in the aggregate to $100.00.

The three suits were tried together.    In the first the jury rendered a verdict for the defendant on the claim in set-off.    In each of the others the verdict was for the defendant.

The plaintiff introduced in evidence the note declared on, with endorsements thereon, and the written agreement of the defendant relating to the conditional sale.

The defendant offered evidence in support of the various allegations in his brief statement, which was admitted against the objection of the plaintiff.

The case is before the Law Court on the plaintiff's exceptions to the ruling of the presiding Justice. The plaintiff relies, in support of his exceptions, upon the well established doctrine that oral testimony is not admissible to vary the terms of a written agreement. *Neal* v. *Flint*, 88 Maine, 72; *Am. Gas & Ventilating Machine Co.* v. *Wood*, 90 Maine, 516. The written agreement referred to, executed at the time the note was signed, related solely to certain conditions of the sale of the piano and bench. The oral testimony, which is the subject of the exceptions, does not relate to the terms of the sale, but tends to prove an express warranty of the quality of the musical instrument which was the consideration of the note as an inducement to the defendant for making the purchase.

The alleged warranty was an independent agreement on the part of the payee of the note, and its breach is available to the promissor in defense of the actions on the note. *Herbert* v. *Ford*, 29 Maine, 546; *Chaplin* v. *Gerald*, 104 Maine, 193. He could elect either to keep the property and prove in defense the difference between its value as represented and its actual value as a partial failure of the consideration of the note, or rescind the sale by returning the property and claim in defense of the actions an entire failure of consideration; also he had the right, in order to avoid circuity of the action, to file in set-off the payments previously made by him. *Harrington* v. *Stratton*, 22 Pick. 510; *Hathorn* v. *Wheelwright*, 99 Maine, 351; *Pratt* v. *Johnson*, 100 Maine, 443.

Oral evidence of the warranty, alleged in the defendant's brief statement, did not vary the contract signed by the defendant and was admissible to prove failure of the consideration of the note.

*Exceptions overruled.*